IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 4:12-cr-212-SDJ-KPJ-1 |
| DANTE DWIGHT SMITH | § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Judge referred the matter to the undersigned for a report and recommendation, the Court conducted a hearing on November 9, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Anand Varadarajan.

On December 4, 2013, United States District Judge Ron Clark sentenced Defendant to a term of nineteen (19) months' imprisonment followed by three (3) years of supervised release. On April 22, 2016, the term of supervised release was revoked, and Defendant was sentenced to six (6) months' imprisonment followed by thirty (30) months of supervised release. On October 27, 2021, this case was reassigned to United States District Judge Sean D. Jordan.

On October 28, 2021, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Amended Petition") (Dkt. 67). The Amended Petition alleges Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from any unlawful use of a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled

1

substances, except as prescribed by a physician; (5) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until the Defendant is released from the program by the probation officer; and (7) Defendant shall pay restitution in the amount of $2,959.93.

The Amended Petition asserts Defendant violated these conditions as follows:

- On June 16, 2021, Defendant was arrested by Allen Police Department for Possession of a Controlled Substance PG 2 4g–400g; Possession of a Controlled Substance PG 2 1g–4g; Possession of Marijuana 4 oz.–5 lb.; and Unlawful Possession of a Firearm by a Felon. Defendant was indicted in state court for Possession of a Controlled Substance PG 2 1g–4g; Possession of Marijuana 4 oz.–5lb.; and Unlawful Possession of a Firearm by a Felon.

- Defendant submitted urine specimens, which tested positive for marijuana on October 28, 2016; December 19, 2016; April 21, 2017; May 23, 2017; and June 7, 2017. Defendant admitted both verbally and in writing to using marijuana on December 4, 2016, and verbally admitted to using marijuana the week of May 14, 2017. Alere Toxicology Laboratory confirmed "new use" occurred between October 28 and December 17, 2016, and again between May 23 and June 7, 2017.

- Defendant intentionally submitted diluted urine specimens between March and April 2017 to avoid the detection of continued marijuana use. On May 22, 2017, Defendant verbally admitted to intentionally diluting and flushing his body systems to produce negative urine specimens. Defendant initially failed to answer truthfully in his responses to the probation officer by repeatedly denying such intentional dilution.

- Defendant failed to appear for drug testing on the following dates: October 12, 2016; October 17, 2016; November 2, 2016; February 3, 2017; April 11, 2017; April 19, 2017; May 12, 2017; May 19, 2017; and June 14, 2017.

- Defendant failed to successfully participate in a program of testing and treatment. Defendant was unsuccessfully discharged from outpatient treatment in June 2017 as a result of Defendant's continued use of illicit substances and inconsistency in reporting for scheduled counseling sessions.

- Defendant failed to make restitution payments, as required, in December 2016 and February 2017. In March 2017, Defendant paid only $25 of his required $50 monthly payment. As of October 27, 2021, Defendant had an outstanding restitution balance of $274.47.

At the November 9, 2021 hearing, Defendant entered a plea of true to allegations 3 through 7, consented to revocation of his supervised release, and waived his right to file objections with the District Judge. *See* Dkts. 77–78. After the Court accepted Defendant's plea to allegations 3 through 7, the Government moved to dismiss allegations 1 and 2, which the Court granted. *See* Dkt. 77. Overall, the Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 9, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, to run consecutively from any other sentence imposed, with no supervised release to follow. Additionally, the Court recommends Defendant be placed at the Federal Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**So ORDERED and SIGNED this 10th day of November, 2021.**

---
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE